**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **CORY PICKETT,** | ) | **CASE NO. 1:26 CV 1535** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **KELLEY BARNETT, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |


*Pro se* Plaintiff Cory Pickett, an inmate in the Marion Correctional Institution, filed this action against former Cuyahoga County Assistant Prosecutor Kelley Barnett, former Ohio Eighth District Court of Appeals Judges Mary Eileen Kilbane, Christine T. McMonagle, and Melody J. Stewart, United States District Court Judge Patricia A. Gaughan, former United States Magistrate Judge Gregory A. White, and United States Sixth Circuit Court of Appeals Judges Karen Nelson Moore, Eugene E. Siler, Jr., and David W. McKeague.  Plaintiff challenges his 2006 conviction for rape, kidnaping and gross sexual imposition, the denial of his appeals, the denial of his petition for a writ of habeas corpus, and the decision of the United States Sixth Circuit Court of Appeals affirming the District Court's decision.  He does not allege any facts and does not assert any particular legal claims, stating only that the Defendants denied his constitutional rights.  He asks this Court to "state that jurisdiction of state court and federal court by law, uphold the constitutional rights of U.S. citizens, make its own ruling by law alone and not procedure," and award him monetary damages.  (Doc. No. 1 at PageID #: 5).

## I.      Background

In 2006, a Cuyahoga County Common Pleas Court jury convicted Plaintiff of two counts each of rape, gross sexual imposition and kidnaping.  *See State of Ohio v. Pickett*, No. CR-05-467495 (Cuyahoga Cty May 16, 2006).  Former Cuyahoga County Assistant Prosecutor Kelley Barnett presented the state's case.  The Ohio Eighth District Court of Appeals affirmed his conviction.  Former Ohio Appellate Court Judges Mary Eileen Kilbane, Christine T. McMonagle and Melody Stewart issued that opinion.  Plaintiff missed the deadline to file an appeal to the Ohio Supreme Court which expired on September 27, 2007.  He filed a Motion for Delayed Appeal to the Ohio Supreme Court on April 7, 2008.  The Court denied the Motion on May 21, 2008.

On May 19, 2009, Plaintiff filed a Petition for a Writ of Habeas Corpus.  *See Pickett v. Welch*, No. 1:09 CV 1339 (N.D. Ohio Sep. 21, 2010).  United States District Court Judge Patricia A. Gaughan was assigned to the case.  The state, represented by Assistant Ohio Attorney General David H. Lamb, moved to dismiss the Petition as untimely.  Plaintiff asserted equitable tolling of the statute of limitations, claiming his attorney failed to timely notify him that his direct appeal had been decided and stating that he was unable to obtain copies of the Ohio Appellate Court's decision.  Judge Gaughan referred the Petition to former United States Magistrate Judge Gregory A. White, who concluded that the Petition was untimely, that equitable tolling was not warranted, and that the Petition should be dismissed.  Over Plaintiff's objections, Judge Gaughan adopted the Report and Recommendation and dismissed the Petition.  Judge Gaughan, however, granted a certificate of appealability on the issue of equitable tolling.  A three-judge panel of the United States Sixth Circuit Court of Appeals, consisting of Judges Karen Nelson Moore, Eugene E. Siler,

2

Jr., and David W. McKeague, found that Plaintiff failed to demonstrate that he was entitled to equitable tolling and affirmed the District Court's judgment on August 8, 2012.

Fourteen years later, Plaintiff filed this action contesting his conviction, the denial of his appeals, and the denial of his Habeas Petition.  He contends, without explanation, that the state was without jurisdiction to bring charges against him in 2005, and that Judges Stewart, McMonagle and Kilbane were without lawful authority to hear his appeal.  He also claims, again without explanation, that Lamb was without authority to represent the State of Ohio in litigation of his habeas petition.  He states that Judge Gaughan and Magistrate Judge White did not have substantive authority to deny his habeas petition.  Finally, he states that the United States Sixth Circuit Court of Appeals dismissed his appeal on procedural grounds without invoking any state or federal law.  He contends that the Defendants denied him "civil rights as a US citizen."  (Doc. no. 1 at Page ID #: 4).  He seeks monetary damages.

## II.    Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff cannot obtain damages for an alleged unlawful conviction, unless his conviction was first overturned on appeal or called into question by the issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  This entire case is premised on the fact that neither of these things occurred.  All of his claims are barred by *Heck*.

Furthermore, even if he could proceed with his claims, all of the Defendants are immune from suit.  Judges Kilbane, McMonagle, Stewart, Gaughan, White, Moore, Siler, and McKeague are all entitled to absolute judicial immunity for claims stemming from decisions they made and actions they took in the course of presiding over a case.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Prosecutors Barnett and Lamb are also absolutely immune from claims that pertain to their role in initiating a prosecution and in presenting the state's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*,

4

11 F.3d 652, 658 (6th Cir. 1993).  An Ohio Assistant Attorney General is a prosecutor for purposes of presenting the state's case in a habeas action.  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  Because this action is based entirely on the role these Defendants had in Plaintiff's criminal proceedings, they are immune from suit.

In addition, the Complaint fails to meet the minimum pleading requirements.  Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief.  To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  Plaintiff's Complaint contains no factual allegations and gives no indication of the specific legal claims Plaintiff intended to assert.  He simply identifies the role that the Defendants had in his criminal prosecution, direct appeal, and habeas corpus proceedings.  This is not sufficient to meet the minimum pleading requirements of Rule 8.  *Iqbal*, 556 U.S. at 678.

Finally, the Court takes notice that this case was filed nearly fourteen years after the United States Sixth Circuit Court of Appeals affirmed the District Court's decision denying his habeas petition.  He was convicted twenty years ago and his direct appeals concluded nineteen years ago.  The statute of limitations for bringing a civil rights action is two years.  *See Browning v. Pendleton,* 869 F.2d 989, 991 (6th Cir.1989); *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998).  To the extent that Plaintiff was seeking to assert civil rights claims, they would be untimely.

### III.    Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Ruiz July 23, 2026
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE